(No. 2588—)

ORAL CASEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1939.*

CHARLES R. MEYERS, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The claimant, Oral Casey, has been in the employ of the respondent as a member of the Highway Maintenance Police since April 4, 1933. On July 31st, 1934, while on his way to drill and inspection at Mt. Vernon, his motorcycle collided with a truck driven by one Robert Hale, at a highway intersection on S. B. I. Route 142, about a mile north of Mt. Vernon. Claimant was traveling about forty-five miles per hour, and the accident appears to have resulted from the fact that the truck which was traveling down a slight incline had no brakes, and the driver was unable to control the same. As the result of such collision the claimant sustained a fracture of the lower jaw, a fracture of the skull, an injury to his wrist, a large laceration of the thigh, and numerous other lacerations about his face and body. He was confined to the hospital for fifty-one (51) days, and returned to his work on January 14th, 1935.

All necessary first aid, medical, surgical and hospital services were furnished and paid for by respondent, the bills therefor aggregating $1,830.00. Claimant makes no claim for any permanent disability, but asks for compensation for dis-

figurement of his head and face. He submitted to an examination by the court, and from such examination and the testimony in the record, it appears that he has an irregular scar on his right forehead about two inches in length and a similar scar on the right side of his face about two inches long, extending from a point about one and one-quarter inches backward from the outer edge of the right eye, in a vertical direction toward the center of the face.

During the time he was off work as aforesaid, he received his regular salary of One Hundred Fifty Dollars ($150.00) per month.

Claimant is a married man and had one child under the age of sixteen years at the time of the accident.

There is no question but what claimant and respondent, at the time of the accident, were operating under the provisions of the Workmen's Compensation Act, and the only question in the case is the nature and extent of the injuries sustained, and the amount of compensation to be paid therefor.

Upon a consideration of the evidence, we find that the claimant was temporarily totally disabled from the date of the injury to January 14, 1935, to wit, 23-5/7 weeks, for which he is entitled to receive compensation under the provisions of Section 8, paragraph (b) of the Workmen's Compensation Act, at the rate of Fifteen Dollars ($15.00) per week, to wit, the sum of Three Hundred Fifty-five Dollars and Seventy-one Cents ($355.71).

We further find that as the result of the accident in question, the claimant has sustained a serious and permanent disfigurement to the head and face, and that he is entitled to receive compensation therefor under the provisions of Section 8, paragraph (c) of the Workmen's Compensation Act in the sum of Eight Hundred Fifty Dollars ($850.00); such compensation also being payable in weekly installments of Fifteen Dollars ($15.00) per week.

We further find that the claimant has received of the respondent the sum of Eight Hundred Twenty Dollars and Ninety-nine Cents ($820.99) to apply on the compensation due him as aforesaid. Deducting the amount paid by the respondent from the total amount of compensation to which claimant is entitled as above, to wit, Twelve Hundred Five Dollars and Seventy-one Cents ($1,205.71), leaves a balance of compensa-

tion due the claimant in the sum of Three Hundred Eighty-four Dollars and Seventy-two Cents ($384.72).

The entire amount of such compensation having accrued at this time, an award is hereby entered in favor of the claimant for the sum of Three Hundred Eighty-four Dollars and Seventy-two Cents ($384.72).

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3d, 1937 (Session Laws 1937, p. 83) and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.